# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; et al.,

Plaintiffs,

vs.

ALSTON CONSTRUCTION COMPANY, INC., et al.,

Defendants.

Case No.: 2:18-cv-00416-APG-GWF

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST KEN MERCURIO**
[ECF No. 47]

Plaintiff THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST ("Plaintiff") moves for Default Judgment against defendant Kenneth M. Mercurio. ECF No. 47. Mr. Mercurio has not responded to the motion, and the motion is supported by facts and law. I therefore issue the following findings of fact, conclusions of law, and order.

## **FINDINGS OF FACT**

At all relevant times, Specialty Contracting Company d/b/a Diversified Demolition, ("Diversified Demolition") was party to a collective bargaining agreement ("CBA")with the Laborers International Union of North America, Local 872 ("Local 872"). Diversified Demolition breached its CBA when it failed to pay fringe benefit contributions to the Trust Funds. Mr. Mercurio withdrew Vacation Fund contributions from employees' paychecks after taxes were withdrawn and did not remit those contributions to the Vacation Fund. Mercurio took these funds for his own use and the use of Diversified Demolition. These contributions total $4,212.00.

1    Plaintiff demanded Mr. Mercurio's compliance with the agreement but he did not comply.

2  As a result, Plaintiff filed this action and incurred attorney's fees and costs. Those fees and costs

3  totaled $7,480.15. Mr. Mercurio did not appear in the matter after being served and was defaulted

4  by the Clerk of Court.

5                                              **CONCLUSIONS OF LAW**

6    The Vacation Fund is entitled to judgment against Mr. Mercurio based on breach of his

7  ERISA fiduciary duties. He exercised discretionary control and authority over Vacation Fund

8  contributions, which are the property of his employees. After withdrawing those amounts from

9  employee paychecks, he was required to remit the funds to the Vacation Fund. Instead, he

10 withheld the funds for his own benefit, which breached his personal fiduciary duty.

11   Federal regulation provides ERISA plan assets "include amounts that a participant or

12 beneficiary pays to an employer or amounts that a participant has withheld from his wages by an

13 employer, for contribution to the plan as of the earliest date on which such contributions can

14 reasonably be segregated from the employer's general assets." 29 C.F.R. § 2510.3-102(a). Mr.

15 Mercurio was required to segregate the employees' contributions and remit them to the Vacation

16 Fund but he did not, which breached his ERISA fiduciary duty.

17   Plaintiff is entitled to recover its attorney's fees and costs expended in this action under

18 29 U.S.C. 1132(g)(1) based on the factors stated in *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446,

19 453 (9th Cir. 1980). The hourly rate requested by Plaintiff for its attorney's services are in line

20 with the market rate that prevails in this forum and the hours expended by Plaintiff's counsel are

21 reasonable.

22   Finally, the factors stated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)

23 weigh in favor of granting default judgment in Plaintiff's favor and against Mr. Mercurio.

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment against defendant Kenneth M. Mercurio **(ECF No. 47) is GRANTED**.

IT IS FURTHER ORDERED that Kenneth M. Mercurio is liable to the Vacation Fund in the amount of $12,194.98, which amount includes contributions of $4,212.00, interest of $502.33, and attorney's fees and costs of $7,480.15. The full judgment amount of $12,194.98 shall carry interest at the statutory post-judgment rate until paid in full.

IT IS FURTHER ORDERED that the clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that counsel for the plaintiffs shall file a status report by January 7, 2019 stating whether any parties or claims remain in this case and whether the case can now be closed.

Dated: December 19, 2018.

_____
HONORABLE ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE